IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

LIZETTE GARCIA RIVERA

    Debtor

CASE NO. 15-07601 (ESL)

CHAPTER 13

OPINION AND ORDER

This case is before the court upon debtor's motion to strike and objection to the notice of post-petition fees charged by Banco Popular de Puerto Rico ("BPPR") pursuant to Fed. R. Bankr. P. 3002.1 ("Rule 3002.1"), and the response by BPPR. The debtor's challenge is two-fold. The debtor challenges the details and itemization of the alleged changes to the mortgage payment and to the legality of charging a fee for the filing of the same. The debtor prays the court to declare the notice stricken for failure to comply with Fed. R. Bankr. P. 3002.1 (c) by not providing the required itemization; preclude the creditor from presenting the omitted information in any contested matter or adversary proceeding; and award reasonable fees and expenses for bringing the present matter. BPPR argues that the flat fee of $150 charged for filing the required notice is reasonable.

The debtor replied to the initial response filed by BPPR pleading with more detail and legal support the basis for her request. The debtor argues that BPPR is not entitled to any amount of fees "for complying with its duty to provide an annual escrow analysis statement, and that the mere filling and filing of official form 410S1 are tasks that are routinely performed by in-house nonlegal staff as part of the servicers' duties for servicing residential mortgage loans, and accordingly are not recoverable from the Debtors or the bankruptcy estate." BPPR responds by stating that the notice is required by RESPA (The Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 – 2617) and Rule 3002.1, that in the notice the creditor is not applying for fees but submitting a statement informing of post-petition fees and expenses incurred. BPPR further argues that the filing of the notice is not a clerical act and requires the

-1-

assistance of counsel to prepare the same, and that the fees charged are reasonable and supported by the underlying agreement.

Factual Background

The debtor filed a voluntary chapter 13 petition on August 31, 2015. On the same date a chapter 13 plan providing for direct current payments and the curing of arrears to BPPR was filed. In February 2016 the court confirmed the amended chapter 13 plan dated January 12, 2016. The same provides for the direct payments and of arrears of secured claim number 1 filed by BPPR.

In July 2017 BPPR filed the first notice under Rule 3002.1 requesting fees in the amount of $150.00. Upon debtor's request, which was uncontested, the request for fees was denied by the court. On August 30, 2017 BPPR filed the second notice of payment change informing a change in the monthly mortgage payment. On the same date BPPR filed a notice of post-petition fees in the amount of $150.00. The second notice was filed as a supplement to proof of claim number 1 in official form B10S2 (Supplement 2). BPPR contends that the notice is a statement informing that post-petition fees or expenses have been incurred, in compliance with the requirements of Rule 3002.1. The second notice was also objected by the debtor and is the subject of this order.

Legal Analysis

Fed. R. Bankr. P. 3002.1 ("Rule 3002.1") became effective on December 1, 2011, and amended on December 1, 2016, and applies only to residential mortgages in chapter 13 cases. Rule 3002.1(a). The intent is to provide a procedural device for bankruptcy courts to resolve how much a chapter 13 debtor owes on a residential mortgage and prevent "unexpected deficiencies" prior to the closing of the case. The rule supplements the provisions of §1322(b)(5) for the cure and maintenance of payments on a debtor's residential mortgage. 9 Collier on Bankruptcy ¶ 3002.1.02 (Alan N. Resnick & Henry J. Sommer, 16th Ed.).

A secured creditor holding a lien over the residence of a chapter 13 debtor must give notice to the debtor, debtor's counsel and the chapter 13 trustee of any post-petition change to

the mortgage payment at least 21 days before the new payment is due. Rule 3002.1(b). Any recoverable fee, charge or expense must be notified within 180 days from incurring the same and must be detailed and itemized. Rule 3002.1 (c). The notice must be in the prescribed official form and does not constitute prima facie evidence of its validity. Rule 3002.1 (d). Since there is no presumption of validity, the notice must describe the charges with particularity. The debtor must challenge any itemized fee, charge or expense within one year after notice is given. Rule 3002.1(e). The chapter 13 trustee must give notice of final payment upon plan completion within 30 days. Rule 3002.1(f). The secured creditor must reply to the chapter 13 trustee's notice within 21 days and inform whether the pre-petition default was cured and whether the debtor is current on payments under § 1322(b)(5) and itemize any noncompliance. Rule 3002.1 (g). The chapter 13 trustee or the debtor must respond within 21 days stating any disagreement with the secured creditor's itemized notice. Rule 3002.1(h). Sanctions against a secured creditor may be imposed for violation of its duties under the rule. Rule 3002.1(i).

There are two issues before the court. First, what are the consequences if a creditor fails to sufficiently describe the itemized fees, charges or expenses. See In re Nieves, 499 B.R. 222 (Bankr. D.P.R. 2013). Second, whether a secured creditor holding a lien over a chapter 13 debtor's residence may charge a fee for the preparation of the "Notice of Payment Change" form.

A creditor's failure to adequately and sufficiently describe the charges may result in the denial of the same. In re Pittman, 2015 WL 1262837 (Bankr. D. S.C. 2015). General references may be insufficient to describe the services rendered for Rule 3002.1 purposes. In re Hale, 2015 WL 1263255 (Bankr. D.S.C. 2015). The notice in this case includes a charge of $150.00 flat fee for the filing of the notice. The court finds that such description is adequate under the circumstances.

Whether a secured creditor may charge a fee or claim expenses for complying with Rule 3002.1 requires the court to analyze the statutory text, the intention of the same, and the

-3-

applicable facts, principally whether the underlying agreement provides for such fee. See In re England, 586 B.R. 795 (Bankr. M. D. Ala. 2018).

Debtor alleges that charging any fee for preparing the Rule 3002.1 notice is prohibited by 12 U.S.C. § 2610 (Prohibition of fees for preparation of truth-in-lending, uniform settlement, and escrow account statements), which provides that:

> No fee shall be imposed or charge made upon any other person (as a part of settlement costs or otherwise) by a lender in connection with a federally related mortgage loan made by it (or a loan for the purchase of a mobile home), or by a servicer (as the term is defined under section 2605(i) of this title), for or on account of the preparation and submission by such lender or servicer of the statement or statements required (in connection with such loan) by sections 2603 and 2609(c) of this title or by the Truth in Lending Act [15 U.S.C.A. § 1601 et seq.].

Debtor moves this court to follow the decisions in In re Carr, 468 B.R. 806 (Bankr. E.D. Va. 2012); In re Adams, 2012 WL 1570054 (Bankr. E.D. NC (2012); In re Roife, 2013 WL 6185025 (Bankr. S.D. Tex. 2013) and In re Boyd, 2013 WL 1844076 (Bankr. S.D. Tex. 2013); alleging that these cases conclude that no fee should be charged for a notice of payment change under Rule 3002.1.

BPPR acknowledges that the intention of the 2011 amendment to Rule 3002.1 is to inform a chapter 13 debtor on all post-petition fees, expenses and charges that a secured claim holder will seek to recover after the entry of a discharge order upon completion of the chapter 13 plan payments. BPPR also acknowledges its duty under RESPA to notify the borrower of any payment change. Thus, BPPR must comply with RESPA as well as the Bankruptcy Code and Rules. Rule 3002.1 mandates the secured creditor to file a detailed notice of all post-petition fees, expenses and charges it seeks to recover from the chapter 13 debtor.

BPPR correctly alleges that the notices required under Rule 3002.1 are a supplement to the proof of claim. Rule 3002.1(d). BPPR further alleges that because the filing of a proof of

claim and Rule 3002.1 supplements carry serious implications, the same may not be done in a perfunctory, ministerial or automatic matter, and may require the assistance of counsel.

The fees being charged for filing the Rule 3002.1 notice are in the amount of $150.00. Their reasonableness is not being questioned.  The issue is whether there is legal basis to charge the same.  BPPR alleges that there are provisions in the mortgage deed which, in connection with HUD (U. S. Department of Housing and Urban Development) regulations, authorize and allow for the fees being charged.  The mortgage deed attached to the proof of claim filed by BPPR provides in paragraph 8 regarding fees that "[l]ender may collect fees and charges authorized by the [HUD] Secretary." The current applicable regulations, FHA Single Family Housing Policy Library, 4000.1, Appendix 4.0, allow for notice fees in the amount of $150.00.

The court first finds that the mortgage deed executed by the parties allows for the charging of a fee in the amount of $150 for the purposes authorized by HUD.  However, there is no specific reference as to whether HUD regulations include authorization to charge a fee for a Rule 3002.1 notice.

The cited prohibitions of § 2610 of RESPA concern charges for the preparation of the settlement statement (§ 2603), notices regarding escrow accounts (§2609), and Truth in Lending Act ('TILA") provisions. The Truth in Lending Act (15 U.S.C. § 1601 et seq.) provides for the informed use of consumer credit by requiring disclosures concerning its terms and costs.  The disclosures must be made prior to extending credit, particularly as to the interest rate, the term of the loan and the total costs to the borrower. Therefore, neither the RESPA nor the TILA expressly or impliedly prohibit charging for Rule 3002.1 notices.

The facts in In re Adams mirror the ones in this case.  In re Adams dealt with charges made under Rule 3002.1 for a notice concerning mortgage payment change due to a change in the escrow account.  The court found that these notices are routinely served without the assistance of counsel.  This court agrees with such conclusion, but outside the bankruptcy context, which demand more detail and may carry adverse consequences to the informing creditor.

In re Boyd considered the propriety of charging a fee for filing a Rule 3002.1 notice to inform fees for filing a proof of claim and objecting to the chapter 13 plan. The debtors objected on the ground "that that the claimed fees, expenses and charges were not required by the underlying agreement and nonbankruptcy law to cure a default or maintain payments in accordance with section 1322(b)(5) of the Bankruptcy Code." The court considered the provisions in Rule 3002.1(e) to "determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code." The court viewed this requirement considering section 506(b) of the Code and the burden of proof of an over secured creditor to determine the reasonableness of the charge. The notice of escrow charge change in this case does not directly affect the debtor's mortgage payment, nor the chapter 13 plan payments. It is a mandated notice pursuant to Rule 3002.1.

In re Carr analyzes Rule 3002.1 from both a procedural and a consequential perspective. The question in In re Carr was whether a creditor may charge a debtor a fee for filing the required response to the chapter 13 trustee's Notice of Final Cure Payment required by Fed. R. Bankr. P. 3002.1(g)." The court states that "[t]he rule requires notice of payment changes and other charges and provides a procedure to draw a bright line at the conclusion of a case as to any amounts that may remain due to accreditor relating to the cure payments or payments due on a mortgage during the pendency of the chapter 13 case. The latter process starts with the chapter 13 trustee filing a Notice of Final Cure Payments." In Carr the creditor claimed a post-petition fee of $150 for preparing its response to the trustee's notice. The court stated that the response is not a pleading but a supplement to the creditor's proof of claim, which is filed in the claims registry and not in the court's docket. Thus, the same is "a business function that can be done by a claims administrator in the creditor's own office." Furthermore, "[i]ts preparation is not the practice of law. No legal analysis is generally required. An attorney need not sign it." Therefore, "[n]o additional fee is permitted to satisfy the creditor's response requirement under Rule 3002.1(g)." However, should the trustee or the debtor contest the creditor's response, it

-6-

becomes a contested matter, and the "creditor is entitled to legal representation in that instance, and, if the underlying loan documents and non-bankruptcy law permit the recovery of attorney's fees and the Bankruptcy Code does not prohibit those fees . . .", attorney's fees may be recoverable. See In re Formosa, 582 B.R. 423 (Bankr. E.D. Mich. 2018).

For a creditor to claim a fee for filing a notice under Rule 3002.1 because the need to have an attorney file the same, requires the notice to explain why the services of an attorney were needed. In re Trudelle, 2017 WL 4411004 (Bankr. S.D. Ga. 2017).

This court agrees with the reasoning in In re Carr and In re Trudelle. Generally, the filing of a Rule 3002.1 notice as a supplement to a proof of claim is business function that does not require the assistance of counsel. Should there be specific reasons why the assistance of counsel is needed, the need must be included in the notice for there to be entitlement to a fee. Also, a creditor may claim attorney's fees for compliance with Rule 3002.1 if the notice turns into a contested matter. In this case the issue is the legal entitlement to the fee.

Conclusion

In view of the foregoing, the court hereby grants the debtor's request and concludes that the secured creditor, under the facts and circumstances of this particular case, is not entitled to the fee in the amount of $150.00.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of October 2018.

Enrique S. Lamoutte
United States Bankruptcy Judge